IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SWIFT AIR, LLC, a foreign limited
liability company,

Plaintiff, CASE NO.:

vs.

INSEL AIR INTERNATIONAL B.V. LLC,
a foreign limited liability company,

Defendant.
_____________________________________/

**COMPLAINT**

Plaintiff, SWIFT AIR, LLC ("Swift Air"), by and through undersigned counsel, hereby sues Defendant, INSEL AIR INTERNATIONAL B.V. LLC ("Insel Air"), and in support thereof states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

2. Swift Air is an Arizona limited liability company with its principal place of business in Phoenix, Arizona.

3. The sole member of Swift Air is Swift Holdings, LLC whose managers reside in the states of Arizona and Nevada.

4. Insel Air is a foreign limited liability company with its principal place of business in Willemstad, Curcao.

5. The members of Insel Air all reside in Curacao and include: Albert J. Kluijver, Edward K. Heerenveen, Charley je de Meza, Marcel P. Verspuij, Bart LM Rosheuvel, Henry A Kwast Van Der, Niko A. Kluijver, and Jean M. Trapenberg.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391, because the parties transact business in Miami-Dade County, Florida, have registered agents located in Florida, and the actions giving rise to each claim in this lawsuit occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

7. Swift Air is a U.S. certificated commercial airline registered to do business in Florida.

8. Insel Air is a foreign certificated commercial airline registered to do business in Florida.

9. On or about January 14, 2017, the parties entered into an agreement (the "Agreement") where Swift Air agreed to operate a series of flights on behalf of Insel Air originating from the Miami International Airport and Insel Air agreed to pay for said flights. A true and correct copy of the Agreement is attached hereto as Exhibit "A".

10. Specifically, Swift Air advanced more than $500,000.00 to Insel Air as pre-payment for the flights so that Insel Air could comply with its scheduled flights.

11. Normally, Swift Air would have required Insel Air to pre-pay for the flights, but Insel Air asked Swift Air to advance the funds so that it did not delay any flights.

12. Insel Air agreed to pay Swift Air back for the flights scheduled in January 2017 and February 2017.

13. However, Insel Air failed to make its repayments when due.

14. Swift Air served Insel Air with invoices reflecting the outstanding balance Insel Air owed. A true and correct copy of the invoices is attached hereto as Exhibit "B".

15. Insel Air agreed with Swift Air's invoices and made a few payments toward its outstanding balance, but failed to pay the total outstanding amount.

16. Despite repeated demands for payment of the total amount due, Insel Air has failed and refused to pay the amount it owes.

17. Insel Air damaged Swift Air in the amount of $202,221.40 as the total outstanding balance that Insel Air refuses to pay.

**COUNT I**
**BREACH OF CONTRACT**

18. Swift Air re-alleges and re-adopts paragraphs 1 through 17 above as if fully set forth herein and further allege as follows:

19. The parties entered into the valid and binding Agreement.

20. Insel Air breached the Agreement when it refused to pay the total amount of its outstanding balance.

21. Insel Air's breach of the Agreement damaged Swift Air in the amount of $202,221.40.

WHEREFORE, on the basis of the above and foregoing grounds, Swift Air respectfully requests this Honorable Court to enter judgment in its favor and against Insel Air in the amount of $202,221.40, together with all prejudgment interest, costs, and attorneys' fees, and to grant any such other and further relief as the Court deems just, equitable, and proper.

**COUNT II**
**ACCOUNT STATED**

22. Swift Air re-alleges and re-adopts paragraphs 1 through 17 above as if fully set forth herein and further allege as follows:

23. Before the institution of this action, the parties had business transactions between them during January and February 2017 relating to aircraft flights.

24. Swift Air rendered a statement of the outstanding balance of the transactions to Insel Air. *See* Exhibit "B"

25. Insel Air did not object to the statement and agreed to the resulting balance.

26. Insel Air owes Swift Air $202,221.40 that is due with interest.

WHEREFORE, on the basis of the above and foregoing grounds, Swift Air respectfully requests this Honorable Court to enter judgment in its favor and against Insel Air in the amount of $202,221.40, together with all prejudgment interest, costs, and attorneys' fees, and to grant any such other and further relief as the Court deems just, equitable, and proper.

**COUNT III**
**OPEN ACCOUNT**

27. Swift Air re-alleges and re-adopts paragraphs 1 through 17 above as if fully set forth herein and further allege as follows:

28. An unsettled debt exists arising from a series of transactions between the parties relating to aircraft flights from Miami International Airport in January and February 2017.

29. Insel Air owes Swift Air $202,221.40 that is due with interest according to the attached account. *See* Exhibit "B".

WHEREFORE, on the basis of the above and foregoing grounds, Swift Air respectfully requests this Honorable Court to enter judgment in its favor and against Insel Air in the amount

of $202,221.40, together with all prejudgment interest, costs, and attorneys' fees, and to grant any such other and further relief as the Court deems just, equitable, and proper.

**COUNT IV**
**UNJUST ENRICHMENT, IN THE ALTERNATIVE**

30. Swift Air re-alleges and re-adopts paragraphs 1 through 17 above as if fully set forth herein and further allege as follows:

31. Swift Air conferred a benefit upon Insel Air when it prepaid for Insel Air's flights from the Miami International Airport.

32. Insel Air agreed to repay Swift Air for the amounts that Swift Air prepaid for Insel Air's flights.

33. Insel Air appreciated this benefit when it accepted the money and used it to coordinate its scheduled flights in January and February 2017.

34. However, Insel Air has failed and refused to repay Swift Air the total outstanding amount of $202,221.40.

35. Insel Air's acceptance and retention of the benefit is inequitable under these circumstances because Swift Air prepaid for Insel Air's flights in order so they would not be delayed and Insel Air agreed to repay Swift Air for such payments.

36. Insel Air has been unjustly enriched in the amount of $202,221.40.

WHEREFORE, on the basis of the above and foregoing grounds, Swift Air respectfully requests this Honorable Court to enter judgment in its favor and against Insel Air in the amount of $202,221.40, together with all prejudgment interest, costs, and attorneys' fees, and to grant any such other and further relief as the Court deems just, equitable, and proper.

DATED: March 23, 2017

Respectfully submitted,

AERO ATTORNEY GROUP
*Attorneys for Swift Air, LLC*
848 Brickell Avenue, Suite 309
Miami, Florida 33131
Telephone: (305) 897-2376
Facsimile: (305) 390-3226
Email: b.winters@attorney.aero

And

RICHARDS GOLDSTEIN LLP
*Attorneys for Swift Air, LLC*
55 Miracle Mile, Suite 310
Coral Gables, FL 33134
Telephone: (305) 448-2228
Facsimile: (305) 448-2229
Email: rrichards@rgattorneys.com
Email: jgoldstein@rgattorneys.com

By: s/Richard L. Richards
BRYAN P. WINTERS
Florida Bar No.: 395102
RICHARD L. RICHARDS
Florida Bar No.: 9415
JASON GOLDSTEIN
Florida Bar No.: 91113
JOSHUA SAVAL
Florida Bar No.: 112165